**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| JOAQUIN McCLAIN AND BRIESA McCLAIN,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SBC SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　Defendants. | No. ED CV 17-01178-CJC (PLA)<br><br>**ORDER DISMISSING ACTION AS TO BRIESA McCLAIN** |

Plaintiffs filed a *pro se* civil rights action herein pursuant to 42 U.S.C. § 1983 on June 14, 2017. (ECF No. 1). The Complaint lists in the header "Joaquin McClain" as the "plaintiff in pro per." (*Id.* at 1). In the caption, however, Joaquin McClain and Briesa McClain are both listed as plaintiffs (*id.*), and both signed the Complaint. (*Id.* at 57). No counsel has appeared on behalf of either plaintiff. Joaquin McClain's ("Mr. McClain") request to proceed *in forma pauperis* ("IFP"), was granted. (ECF Nos. 3, 21). On June 21, 2018, the Magistrate Judge issued an Order Dismissing Third Amended Complaint With Leave to Amend (ECF No. 35), in which he advised that unless Briesa McClain pays the filing fees herein, or files a completed and signed Request to Proceed *In Forma Pauperis* with Declaration in Support, and her request for leave to proceed IFP is granted, she would not be able to pursue any claims in this action. (ECF No. 35 at 18). On July 21, 2018, Mr. McClain submitted a Notice of Dismissal Pursuant to Fed.R.Civ.P. 41 (a) or (c),

signed only by him, dismissing this action in its entirety. (ECF No. 36). Whether inadvertently or intentionally, it was not signed by Briesa McClain. The action has now been dismissed as to Mr. McClain. To date, Briesa McClain has not sought leave to proceed in this action IFP, nor has she paid the filing fees.

As plaintiffs were advised in the Magistrate Judge's Order Dismissing, each person wishing to raise claims in an action must either pay the filing fees or submit a request to proceed IFP. See, e.g., Pogue v. San Diego Superior Court, 2017 U.S. Dist. LEXIS 83529, at *3 (S.D. Cal. May 30, 2017) ("if multiple plaintiffs seek to proceed *in forma pauperis*, each plaintiff must qualify for IFP status"); Anderson v. California, 2010 U.S. Dist. LEXIS 114197, at *2, 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010). In addition, since he is not an attorney, Mr. McClain has no authority to appear on behalf of anyone else, including his wife or children, because he does not have standing to vicariously assert the claims of others. See Johns v. County of San Diego, 114 F.3d 874, 876-77 (9th Cir. 1997) ("a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer"); United States v. Mitchell, 915 F.2d 521, 526 n.8 (9th Cir. 1990) (*pro se* litigant does not have standing to raise the claims of other persons whose rights may have been violated); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) ("a non-attorney may appear *in propria persona* in his own behalf, but that privilege is personal to him," and he "has no authority to appear as an attorney for others").

As plaintiff Briesa McClain has not paid the filing fee in this action or filed a request to proceed *in forma pauperis*, this action is now also dismissed as to her.

**IT IS SO ORDERED**.

DATED: July 24, 2018

_____
HON. CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE